UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW JAMES GRAHAM,

    Plaintiff,

v.

SANTA CRUZ COUNTY JAIL, et al.,

    Defendants.

Case No. C 14-2845 KAW (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Matthew James Graham, a state prisoner incarcerated at Santa Cruz County Jail ("SCCJ"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by SCCJ and the Santa Cruz County Sheriff Phil Wowak. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

**DISCUSSION**

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

1  the alleged violation was committed by a person acting under the color of state law. *West v.*
2  *Atkins*, 487 U.S. 42, 48 (1988).

3  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
4  plaintiff can show that the defendant's actions both actually and proximately caused the
5  deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections &*
6  *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
7  1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives
8  another of a constitutional right within the meaning of § 1983 if he does an affirmative act,
9  participates in another's affirmative act or omits to perform an act which he is legally required to
10 do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.     Plaintiff's Claims

Plaintiff's brief complaint alleges that, due to overcrowding, the following conditions exist at SCCJ: (1) over fifty-four inmates must use one shower; (2) over 244 inmates must use one toilet; (3) space in the day room, dining room and recreation room has been reduced because additional bunks have been added; and (4) there is no way to dry towels. Plaintiff requests injuctive relief of reducing the jail populaiton to the maximum allowed by state law.

The Constitution does not mandate comfortable prisons, and overcrowding itself is not a per se violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1249-50 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). However, the Constitution is violated when overcrowding results in specific effects forming the basis for an Eighth Amendment violation, such as reduction in services and an increase in violence disproportionate to the simple increase in numbers. *Id.* at 1249; *see Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (allegations of increase in stress, tension, communicable diseases, and confrontations between inmates due to overcrowding states 8th Amendment claim). A court may hold jail crowding unconstitutional under the Eighth Amendment only if "an individual plaintiff proves that the crowding causes the infliction of cruel and unusual punishment of that inmate." 18 U.S.C. § 3626(a)(1).

Plaintiff's general allegations about overcrowding do not state an Eighth Amendment claim for cruel and unusual punishment due to unsafe prison conditions. However, Plaintiff may be able to allege specific instances in which the overcrowding results in unsafe conditions that affect him directly. Plaintiff is granted leave to add such allegations in an amended complaint.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 9/24/14

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE