UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRAHAM, <br> Plaintiff, <br> v. <br> SANTA CRUZ CO. JAIL, et al., <br> Defendants. | Case No. 14-cv-02845-KAW <br><br> **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Matthew James Graham, a state prisoner incarcerated at Santa Cruz County Jail ("SCCJ"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by SCCJ and the Santa Cruz County Sheriff Phil Wowak. On September 24, 2014, the Court issued an Order of Dismissal with Leave to Amend. In this Order, the Court noted that Plaintiff attempted to allege claims against Defendants due to overcrowding in the SCCJ, but that general allegations about overcrowding do not state an Eighth Amendment claim due to unsafe prison conditions. The Court noted that Plaintiff might be able to allege specific instances in which the overcrowding resulted in unsafe conditions that affected him directly and granted leave to amend to add such allegations. The Court also informed Plaintiff that, because an amended complaint completely replaces the original complaint, he must include in it all the claims and allegations he wished to present.

On October 23, 2014, Plaintiff filed an amended complaint. The Court now reviews it under 28 U.S.C. § 1915A(a).

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

1  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
2  monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*
3  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
4  Cir. 1988).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
6  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
7  the alleged violation was committed by a person acting under the color of state law. *West v.*
8  *Atkins*, 487 U.S. 42, 48 (1988).

9       Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
10 plaintiff can show that the defendant's actions both actually and proximately caused the
11 deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections &*
12 *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
13 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives
14 another of a constitutional right within the meaning of § 1983 if he does an affirmative act,
15 participates in another's affirmative act or omits to perform an act which he is legally required to
16 do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

17      Under no circumstances is there respondeat superior liability under section 1983. *Lemire*,
18 756 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under section
19 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880
20 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d
21 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under section 1983 upon a showing of
22 (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection
23 between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*,
24 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).
25 It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional
26 violation and that they generally created policies and procedures that led to the violation, without
27 alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional
28 violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

## II.  Plaintiff's Claims

The amended complaint, which is on a sheet of paper with only the case number and the words "amended complaint" on the top, fails to name any individuals. The amended complaint is very brief and contains general allegations such as: (1) running out of proscribed [sic] medication repeatedly; (2) no annual tuberculosis screening, ten days to screen new prisoners; (3) no isolation of prisoners with communicable diseases; (4) no annual liver function test; (5) refusing to see individual with open wounds; (6) refusing to treat individuals with shingles; and (7) mail is received in six days instead of three days. As explained in the Court's previous order, general allegations cannot state a civil rights claim. In other words, Plaintiff may not state a claim on behalf of others; he may only assert claims on behalf of himself based on violations of his constitutional rights by alleging specific conduct of specific individuals that violated his rights.

A prison official violates the Eighth Amendment based on unsafe prison conditions when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff is granted leave to amend to allege a claim based on unsafe prison conditions if he can show how a specific individual caused an unsafe condition that personally affected him. Plaintiff is reminded that there is no supervisory liability under § 1983 unless the supervisor was personally involved in the constitutional deprivation or there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

The only allegations in the amended complaint that involve Plaintiff directly are the following: (1) Plaintiff was exposed to T.B.; and (2) Plaintiff takes large dosages of ibuprofen for chronic pain due to heart surgery. These allegations also are insufficient to state a claim because they do not assert that any individual engaged in conduct that violated Plaintiff's constitutional rights. However, from these two allegations it appears that Plaintiff may be attempting to state a claim for deliberate indifference to his serious medical needs.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d

3

1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer*, 511 U.S. at 834. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837.

Plaintiff's allegation that he has chronic pain due to heart surgery may be sufficient to show that he has a serious medical need. However, his allegations fail to satisfy the subjective prong of *McGuckin* because he does not allege that any individual took actions that constituted deliberate indifference to his chronic pain. Plaintiff is granted leave to amend to state a claim for deliberate indifference to his serious medical needs, if he truthfully can do so.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to file a Second Amended Complaint ("SAC") in accordance with the standards set forth above. The SAC must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption "Graham v. Santa Cruz County Jail," the civil case number used in this Order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the allegations, claims and defendants he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of the Court shall send to Plaintiff with this Order a blank Civil Rights Complaint form. Plaintiff shall use this form when filing his SAC.

**IT IS SO ORDERED**.

Dated: November 4, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

5